UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

September 17, 2019

# LETTER ORDER

Re: *Evans v. Wal-mart Stores East, Inc.*
Civil Action No. 19-10450 (ES) (MAH)

Dear parties:

On September 13, 2019, plaintiff Evelyn Evans ("Plaintiff") moved for default judgment against defendant Walmart Stores East, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55 (b)(2). (*See* D.E. No. 4). For the following reasons, Plaintiff's motion for default judgment is denied.

To receive a judgment of default, a party must first seek the entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."). "[E]ntry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club*, 175 F. App'x 519, 521, n.1 (3d Cir. 2006). "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005).

Plaintiff did not request an entry of default by the Clerk of Court before filing the instant motion. Therefore, Plaintiff failed to follow the two-part process required when seeking a judgment of default from this Court. Accordingly, Plaintiff's request (D.E. No. 4) is DENIED, *without prejudice.*

The Clerk of Court shall terminate docket entry number 4.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**